**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KELLIE DELKESKAMP, on her own behalf, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | **CLASS ACTION** |
| UBS FINANCIAL SERVICES, INC. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Kellie Delkeskamp ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, alleges the following based on the investigation of her counsel, except for allegations specifically relating to Plaintiff, which are based on personal knowledge.

### INTRODUCTION

1.      This action is brought on behalf of Plaintiff and all citizens of the United States living abroad that had investment accounts managed by UBS Financial Services, Inc. ("UBS" or "Defendant") that were frozen, converted to cash, or closed without timely notification for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, unjust enrichment and violation of N.Y. General Business Law § 349.

2.      UBS offers financial services, including the sale of financial instruments, investment vehicles, and the provision of financial advice with respect to the products it sells and manages.

3.      UBS was the provider of investment accounts for Plaintiff and members of the Class during the Class Period (defined below).  A critical component of the relationship between UBS and the Class was providing investment advice and acting as a fiduciary to the members of the Class.

4.      UBS breached its contracts and its fiduciary duty to the Class by converting certain investment accounts for account holders who resided outside of the United States into cash-only accounts with no investment value and declining to provide ongoing investment advice with respect to these accounts.

5.      Defendant failed, however, to meaningfully advise Plaintiff and the Class that it was closing their accounts, and retained funds without providing any benefit to the Class in the form of interest, investment opportunities, advice, or otherwise.

6.      As a direct and proximate result of UBS's breach of contract and its fiduciary duties and unjust retention of the Class' funds, Plaintiff and the Class have been denied interest and investment opportunities, and have otherwise sustained damages.

**PARTIES, JURISDICTION AND VENUE**

7.      Plaintiff Kellie Delkeskamp is a citizen of the United States and the State of California who is currently residing in Nice, France.  Plaintiff opened several investment accounts with UBS while residing in the United States.

8.      UBS AG is a Swiss global financial services company with its principal places of business in Zurich and Basel, Switzerland.  Defendant UBS is a wholly-owned subsidiary of UBS AG that is registered with the Securities and Exchange Commission as a broker-dealer and an investment adviser.  UBS is a Delaware corporation in good standing with its principal places of

business in New York, New York, and Weehawken, New Jersey.  UBS provides investment and wealth management services to high net-worth individuals and corporate entities.

9.      This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), as it is a class action for damages in excess of $5 million and at least one defendant is a citizen of a different state than Plaintiff.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that UBS maintains its principal place of business in this District and because the UBS Client Relationship Agreement, and its predecessors, provide that venue is appropriate in this District.  Specifically, the UBS Client Relationship Agreement states that clients "submit to the exclusive jurisdiction of the courts of the State of New York and the Federal courts sitting in the Southern District of New York for the purpose of determining all matters with regard to the Agreement."

## CLASS ACTION ALLEGATIONS

11.     Plaintiff seeks certification of the following Class:

All citizens of the United States living abroad that had investment accounts managed by UBS frozen, converted to cash, or closed without timely notification.

Excluded from the Class are: (a) Defendant, its subsidiaries and affiliates, officers, directors, and employees; (b) the judge to whom this case is assigned and any member of the judge's immediate family; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

12.     The Class is sufficiently numerous that joinder of all affected persons would be impracticable.  Although the exact number of Class members is unknown, because of the broad geographic reach of UBS's operations, and the large number clients, the Class is expected to include many hundreds, if not thousands, of individuals.

13.     Common issues of law and fact exist as to the members of the Class, including but not limited to whether:

a.      UBS changed the nature of the accounts of Plaintiff and the Class;

b.      UBS provided notice that the accounts of Plaintiff and the Class were being changed;

c.      the notice that was purportedly provided to Plaintiff and the Class was adequate;

d.      Defendant breached its contract with Plaintiff and the Class;

e.      Defendant breached the covenant of good faith and fair dealing implied in its contracts with plaintiff and the Class;

f.      Defendant made fraudulent misrepresentations to Plaintiff and the members of the Class;

g.      Defendant made negligent misrepresentations to Plaintiff and the members of the Class;

h.      Defendant violated N.Y. General Business Law § 349 in its dealings with Plaintiff and the members of the Class;

i.      Defendant breached the fiduciary duties it owed to Plaintiff and members of the Class;

j.      Defendant was unjustly enriched by improperly retaining interest payments and/or other funds properly payable to Plaintiff and members of the Class; and

k.      Plaintiff and the Class have sustained damages based on Defendant's wrongful conduct alleged herein and, if so, the proper measure of damages.

14.    Plaintiff's claim is typical of that of the Class, such that the same discovery and evidence that would be used to support her claim would be used to support the claims of the

4

members of the Class.  Plaintiff's interests are harmonious with those of the Class, and she has no interests that are antagonistic to the members of the Class.

15.     Plaintiff has retained counsel who are highly experienced in consumer protection class action litigation.  Plaintiff and her counsel are committed to the vigorous prosecution of this action on behalf of the Class and will adequately represent the interests of the Class.

16.     The common questions of law and fact present in this action predominate over any individual issues, if any, that may exist as to the members of the Class.

17.     A class action is superior to other methods of fairly and efficiently adjudicating this litigation.  While not inconsequential, the damages as to any individual litigant are such that individual litigation is likely not feasible.  Furthermore, the very nature of the claim – that Defendant has failed to notify the Class that their investment vehicles no longer have the potential to earn investment income – many Class members may not even be aware that they have a claim. Accordingly, for most Class members, a class action is the only mechanism by which they could reasonably expect to vindicate their rights.

## PLAINTIFF'S SITUATION

18.     Plaintiff's situation is demonstrative.  Plaintiff was a resident of California and had several investment accounts with UBS, including IRAs, education funds, and other investment vehicles.

19.     Plaintiff thereafter moved to Nice, France, where she currently resides.

20.     At some point thereafter unknown to Plaintiff, but believed to be in early 2014, Defendant made the determination that it would no longer be servicing the accounts of its customers with U.S.-based accounts that did not live in the United States.  Accordingly, upon

information and belief, Defendant cashed out Plaintiff's accounts and/or restricted their ability to earn any investment income.

21.     Notwithstanding this dramatic change in the nature of the account that completely eliminated any investment benefit to Plaintiff, UBS failed to meaningfully notify Plaintiff of the change in status and/or that she would not be earning any investment returns from her account going forward.

22.     Nevertheless, Defendant continued to maintain custody and control over Plaintiff's funds, and only revealed the change in status when Plaintiff affirmatively checked the status of the account.

23.     The conduct and situation described herein is substantively identical to that of other members of the Class, who also saw their accounts frozen and/or cashed out without meaningful notice.

24.     To the extent that Defendant's agreements with Plaintiff and the Class may purport to include an arbitration clause, said clause is void and unenforceable because:

        a.      The clause was buried in a contract of adhesion and was not a bargained-for term between the parties;

        b.      The clause is substantively unconscionable; and

        c.      The clause was not meaningfully disclosed and agreement thereto was procured by fraud, rendering it procedurally unconscionable.

25.     Defendant's conduct was by its nature hidden and undisclosed, thus tolling the running of any applicable statutes of limitations until such time as members of the Class knew or should have known of the conduct at issue and its improper nature.

6

## COUNTS AGAINST DEFENDANTS

### <u>COUNT I</u>
### For Breach of Fiduciary Duty

26.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

27.     There exists a contractual relationship as between Defendant and Plaintiff and members of the Class.

28.     By virtue of this contractual relationship, Defendant acts as fiduciary to Plaintiff and the members of the Class, and owe fiduciary duties to them as account holders.

29.     As alleged herein, Defendant has breached its fiduciary duties by intentionally and/or negligently failing to meaningfully disclose that the company would no longer be holding accounts of customers living abroad in IRA accounts as originally agreed upon, and instead would be cashing in the customers funds.

30.     By changing the nature of the account from an IRA that was earning money to an all cash account, Defendant then restricted the ability of the Plaintiff and the Class to earn any investment income.

31.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

32.     Defendant's conduct as described herein was marked by an evil motive in utter disregard of the rights of Plaintiff and the Class, thereby justifying the imposition of punitive damages.

## <u>COUNT II</u>
### For Breach of the Covenant of Good Faith and Fair Dealing

33.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

34.     There exists a contractual relationship between Defendant and Plaintiff and members of the Class.

35.     As a component of their contractual relationship, Defendant owed Plaintiff and the Class a duty of good faith and fair dealing in the creation and ongoing fulfillment of its contractual duties.

36.     UBS breached the implied covenant of good faith and fair dealing by changing the accounts from an IRA, which would be expected to produce investment income, to cash accounts, without providing meaningful notice of this change.

37.     UBS was aware or should have been aware that Plaintiff and the Class were investing their money with UBS with the goal and expectation that there would be an opportunity to earn investment income.

38.     By changing the accounts, UBS made fundamental and material changes to the contracts it had with Plaintiff and the Class, such that the contract failed of its essential purpose.

39.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

40.     Defendant's conduct as described herein was marked by an evil motive in utter disregard of the rights of Plaintiff and the Class, thereby justifying the imposition of punitive damages.

## COUNT III
## For Unjust Enrichment

41.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

42.     UBS is in the business of maintaining custody of funds owned by people and entities like Plaintiff.

43.     By providing UBS with custody of their funds, Plaintiff and the Class conferred a benefit upon UBS.

44.     By unilaterally declining to fulfill its contractual obligations, UBS continued to derive the benefits of maintaining custody of Plaintiff and the Class' funds without providing any corresponding benefit to Plaintiff and the Class.

45.     The financial benefits of maintaining custody of Plaintiff and the Class' funds, which include interest, investment opportunity, use as collateral, and other good and valuable benefits, rightly should inure to the benefit of Plaintiff and the Class.

46.     Given Defendant's failure to meaningfully provide notice of the nature of the change of the nature of Plaintiff and the Class' accounts, and the fact that Plaintiff and the Class would no longer be earning any investment income, it would be improper and inappropriate to permit UBS to retain this benefit.

47.     Accordingly, equity and good conscious require that the benefits at issue be restored to Plaintiff and the members of the Class.

## COUNT IV
## For Violation of Section 349 of the New York General Business Law

48.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

49.    Defendant is engaged in the conduct of business, trade, commerce and/or the furnishing of service as that language is used in N.Y. GBL § 349.

50.    Defendant's conduct as described herein constitute deceptive acts or practices as that language is used in N.Y. GBL § 349.

51.    As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

52.    Defendant's conduct as described herein was marked by a wrongful motive in utter disregard of the rights of Plaintiff and the Class, thereby justifying the imposition of punitive damages.

## COUNT V
### For Fraudulent Misrepresentation/Omission

53.    Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

54.    Defendant had a duty to make full and complete disclosures to Plaintiff and the Class with respect to the nature of their accounts and any changes thereto.

55.    As set forth in more detail herein, Defendant UBS had a duty to provide meaningful notice to Plaintiff and the Class that their accounts were being modified in a way that adversely affected their investment opportunity.

56.    The omitted information was material to Plaintiff and the Class.

57.    As set forth in more detail herein, Defendant UBS declined to provide meaningful notice to Plaintiff and the Class that their accounts were being modified in a way that adversely affected their investment opportunity.

58.    Upon information and belief, Defendant's failure to provide notice as described herein to Plaintiff and the Class was done with the intent that Plaintiff and the Class would continue

to maintain their accounts with Defendant, such that Defendant could reap the benefits of maintaining custody of these funds without providing any corresponding benefit to the Plaintiff or the Class.

59.     Plaintiff and the Class reasonably relied upon Defendant's silence on this point and believed that the status of their account had not materially changed.

60.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

61.     Defendant's conduct as described herein was marked by an evil motive in utter disregard of the rights of Plaintiff and the Class, thereby justifying the imposition of punitive damages.

## COUNT VI
### For Negligent Misrepresentation/Omission

62.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

63.     Defendant had a duty to make full and complete disclosures to Plaintiff and the Class with respect to the nature of their accounts and any changes thereto.

64.     As set forth in more detail herein, Defendant UBS had a duty to provide meaningful notice to Plaintiff and the Class that their accounts were being modified in a way that adversely affected their investment opportunity.

65.     The omitted information was material to Plaintiff and the Class.

66.     As set forth in more detail herein, Defendant UBS failed to provide meaningful notice to Plaintiff and the Class that their accounts were being modified in a way that adversely affected their investment opportunity.

67.     Plaintiff and the Class reasonably relied upon Defendant's silence on this point and believed that the status of their account had not materially changed.

68.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

69.     Defendant's conduct as described herein was wholly reckless and in utter disregard of the rights of Plaintiff and the Class, thereby justifying the imposition of punitive damages.

<u>**COUNT VII**</u>
**Breach Of Contract**

70.     Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

71.     There exists a contractual relationship between Defendant and Plaintiff and members of the Class as referenced herein.

72.     Pursuant to that contractual relationship, Defendant was obligated to:

a.      Safely maintain custody of Plaintiff and the Class' funds;

b.      Follow Plaintiff and the Class' instructions with respect to the custody and placement of those funds;

c.      Refrain from taking any steps to negatively impact the value of Plaintiff and the Class' investments;

d.      Refrain from altering the nature of Plaintiff and the Class' investments without their express consent; and,

e.      Otherwise ensure the security and best use of those funds under the circumstances.

73.     Plaintiff and the Class have taken all appropriate steps to satisfy their obligations under the contract.

12

74.     Defendant's conduct herein constitutes a breach of Defendant's obligations under the contract.

75.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment in favor of Plaintiff and the Class and against Defendant as follows:

a)      Certifying this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

b)      Appointing Plaintiff Class Representative and her counsel as Class Counsel;

c)      Awarding Plaintiff and the other members of the Class damages in an amount which may be proven at trial;

d)      Ordering disgorgement of all ill-gotten benefits from Defendant to be placed in constructive trust for the benefit of Plaintiff and the Class;

e)      Awarding Plaintiff and the other members of the Class statutory damages as appropriate;

f)      Awarding Plaintiff and the other members of the Class punitive damages in an amount sufficient to punish Defendant and deter future like conduct;

g)      Awarding Plaintiff reasonable attorneys' fees and costs;

h)      Awarding Plaintiff and the member of the Class pre-judgement and post-judgment interest, and;

i)      Awarding such other relief as this Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated:  October 16, 2020          **RIGRODSKY & LONG, P.A.**

                               By:   */s/ Timothy J. MacFall*
                                       Seth D. Rigrodsky

**OF COUNSEL:**                    Timothy J. MacFall
                                       Gina M. Serra

**CAREY, DANIS & LOWE**         825 East Gate Boulevard, Suite 300
James J. Rosemergy (*pro hac vice* to be     Garden City, NY 11530
submitted)                             Telephone: (516) 683-3516
8235 Forsyth Boulevard, Suite 1100      Email: sdr@rl-legal.com
Saint Louis, MO 63105-1643            Email: tjm@rl-legal.com
Telephone: (314) 725-7700             Email: gms@rl-legal.com
Facsimile: (314) 721-0905
Email: jrosemergy@careydanis.com      *Attorneys for Plaintiff*